IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 7:19-cv-48 |
| v. | § § | JURY |
| 2 G ENERGY SYSTEMS LLC | § § § | |
| Defendant. | § § | |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff RLI Insurance Company ("RLI") hereby files this Original Complaint for Declaratory Relief against Defendant 2 G Energy Systems, LLC ("2G Energy"), and alleges:

## I.
## PARTIES

1. Plaintiff RLI Insurance Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois, and is, therefore, a citizen of Illinois, as defined by 28 U.S.C. § 1332.

2. Defendant 2 G Energy Systems LLC is a Texas limited liability company with a principal place of business in Midland, Texas. Its sole members and managers are Carl Seawright and Bruce A. Cherry. Mr. Seawright is an individual who is a resident and citizen of Oklahoma. Mr. Cherry is an individual who is a resident and citizen of Texas. Defendant 2 G Energy Systems LLC may be served through its registered agent, Carl Seawright, at 4706 North Midkiff Rd., Ste. 22, Midland, Texas 79705, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

3. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201.

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1). There exists complete diversity of citizenship and the amount in controversy exceeds $75,000.00, excluding interest, attorney's fees, and costs.

5. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(1) and (2), because it is the judicial district in which Defendant 2G Energy maintains its place of business, and it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties. By this action, RLI seeks a declaration that the inland marine policy it issued to 2G Energy is *void ab initio* because in investigating a theft claim submitted by 2G Energy, RLI discovered that 2G Energy made material, false statements in order to obtain coverage. In the alternative, even if the marine policy issued by RLI is not void, RLI would still be entitled to a declaration that no coverage is owed to 2G Energy for the alleged theft because the policy excludes coverage for that loss. Under Title 28 U.S.C. §2201, this Court has the power to declare obligations and duties of the parties and to give such other relief as may be necessary.

III.
## GENERAL ALLEGATIONS

**2G Energy's Claim for Lost Lay Flat Hose Under Its Prior Insurance Policy**

7. 2G Energy is an oil and gas company based in Midland, Texas engaged in the business of leasing equipment. One type of equipment that 2G Energy leases is lay flat hose, which is used to transfer water during fracking operations.

8. The year prior to the RLI inland marine policy at issue in this case, the Hanover Insurance Group issued an insurance policy to 2G Energy that was effective from September 6, 2017 to September 6, 2018 (the "Hanover Policy").

9. On May 1, 2018, 2G Energy reported a loss under the Hanover Policy for theft of lay flat hose from a job site that 2G Energy alleged occurred on or about February 28, 2018.

10. Hanover paid 2G Energy's $347,685 claim for the reported theft, but then chose not to renew its policy with 2G Energy.

**2G Energy Misrepresents Taking Measures to Prevent Future Theft**

11. 2G Energy began shopping for a new inland marine policy to take effect after the Hanover Policy expired in September 2018.

12. In July 2018, RLI received from 2G Energy, through its agent, an application for inland marine insurance to be effective starting September 6, 2018. In its transmittal of the application, the broker informed RLI that Hanover was the current carrier, that Hanover paid a claim for theft of lay flat hose, and that Hanover was non-renewing the policy. The broker also informed RLI that it had requested from 2G Energy preventative measures to avoid a similar loss in the future. RLI did not provide a quote until 2G Energy identified its preventative measures.

13. On or about August 13, 2018, RLI received an email with Carl Seawright's statement that 2G Energy's "[p]reventative measures in the future will be acquiring strap on GPS

wafers that will be place [sic] on hose and can be tracked if ever moved." Copies of the above referenced email with 2G Energy's representation regarding its preventative measures is attached as Exhibit A, and is fully incorporated herein.

14. During an examination under oath, Mr. Seawright admitted that this statement was made by him and that he made it in response to RLI's question specifically asking what preventative measures 2G Energy was taking to keep another theft of lay flat hose from happening again.

**RLI Relies on 2G Energy's Misrepresentation**

15. On August 15, 2018, after receiving and relying on 2G Energy's assurance that it would strap GPS tracking devices on its lay flat hose as a preventative measure, RLI offered 2G Energy a quote for inland marine insurance. On September 5, 2018, RLI received 2G Energy's request to bind coverage effective September 6, 2018.

16. RLI bound coverage and issued to 2G Energy Inland Marine Insurance Policy No. ILM0707648, effective September 6, 2018 to September 6, 2019 (the "RLI Policy"). A copy of the RLI Policy is attached as Exhibit B, and is fully incorporated herein.

17. Despite 2G Energy's representations during the insurance application process that it would strap GPS tracking devices on its lay flat hose, 2G Energy never did. During his examination under oath, Mr. Seawright admitted that 2G Energy never even tried to use GPS tracking devices on its lay flat hose. He further admitted that GPS tracking devices cannot be affixed to lay flat hose. He also acknowledged that he never informed his insurance agent, RLI, or anyone else that 2G Energy did not implement the preventative measures it had promised.

**2G Energy Lay Flat Hose Goes Missing Again**

18.     In early October 2018, 2G Energy learned of a possible new project that would require the use of lay flat hose in Reeves County, Texas.

19.     On about October 9, 2018, 2G Energy apparently transported 64 reels of lay flat hose (approximately eight miles worth) to the expected job site near Pecos in Reeves County. 2G Energy dropped off this equipment at the Pecos site when nobody was there to receive or take custody of its property. 2G Energy then simply left the hose sitting there unprotected for the better party of a week.

20.     On or about October 16, 2018, 2G Energy learned that the Pecos project was not going forward. 2G Energy went back to the site to pick up its reels of lay flat hose and upon arrival discovered it was gone. 2G Energy conducted a search of the area for the missing hose but found nothing. On about October 30, 2018, 2G Energy reported the incident to the Reeves County Sherriff's Office, who likewise conducted an investigation and was unable to find any physical evidence of what happened to 2G Energy's missing hose.

21.     On or about November 20, 2018, 2G Energy made a claim under the RLI Policy in the amount of approximately $553,197.60 for the missing lay flat hose.

**The Terms of the RLI Policy**

22.     The RLI Policy covers "direct physical loss caused by a covered peril" to 2G Energy's property "described on the 'schedule of coverages.'" *See* RLI Policy, **SCHEDULED PROPERTY FLOATER**, Property Covered, at 1.

23.     The RLI Policy contains the following provision regarding misrepresentations and concealment:

> 5. **Misrepresentation, Concealment, Or Fraud –** This coverage is void as to "you" and any other insured if, before or after a loss:

    a. "you" or any other insured have willfully concealed or misrepresented:

        1) a material fact or circumstance that relates to this insurance or the subject thereof; or

        2) "your" interest herein; or

    b. there has been fraud or false swearing by "you" or any other insured with regard to a matter that related to this insurance or the subject thereof.

RLI Policy, **SCHEDULED PROPERTY FLOATER,** Other Conditions, at 8-9.

24. The RLI Policy also contains the following exclusions:

    2. "We" do not pay for loss or damage that is caused by or results from one or more of the following:

    …

    g. **Missing Property** -- "We" do not pay for missing property where the only proof of loss is unexplained or mysterious disappearance of covered property, or shortage of property discovered on taking inventory, or any other instance where there is no physical evidence to show what happened to the covered property.

    This exclusion does not apply to covered property in the custody of a carrier for hire.

    …

    k. **Voluntary Parting** -- "We" do not pay for loss or damage caused by or resulting from voluntary parting with title to or possession of any property because of any fraudulent scheme, trick, or false pretense.

RLI Policy, **SCHEDULED PROPERTY FLOATER**, Perils Excluded, at 4-5.

### IV.
### CLAIM FOR RELIEF – DECLARATORY JUDGMENT

25. RLI re-alleges and incorporates by reference the allegations above.

26. By virtue of the foregoing, there exists an actual, justiciable controversy between the parties.

27.     RLI seeks a declaratory judgment that the RLI Policy is *void ab initio*. 2G Energy's statement that it was placing GPS tracking devices on its lay flat hose was false. RLI relied on that false statement when it prepared its quote and issued the RLI Policy providing coverage for 2G Energy's lay flat hose. 2G Energy made the false statement with the intent to deceive so that it could obtain coverage after having made a virtually identical theft claim to its prior insurance carrier a few months earlier, who then refused to renew its policy. RLI would never have issued the RLI Policy to 2G Energy if it had known 2G Energy was not actually implementing the GPS preventative measures it had promised. RLI rescinded the RLI Policy based on the above referenced misrepresentations and is returning the premium 2G Energy paid for this coverage.

28.     Pleading further, and in the alternative, RLI seeks a declaration that the lay flat hose subject to 2G Energy's claim is not covered by the RLI Policy. 2G Energy's claim for the alleged theft of its lay flat hose is barred under the "missing property" exclusion because there is no physical evidence to show what happened to 2G Energy's missing lay flat hose.

## V.
## JURY DEMAND

29.     RLI hereby requests that this civil action be tried before a jury.

## VI.
## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff RLI Insurance Company respectfully requests judgment as follows:

1. A declaration that RLI Policy No. ILM0707648 issued to 2G Energy is *void ab initio*;

2. In the alternative, a declaration that 2G Energy's claim for the alleged theft of its lay flat hose is excluded from coverage under the terms of the RLI Policy, and thus RLI does not owe any payment to 2G Energy; and

3. Such other and further relief to which RLI may show itself justly entitled.

Dated: February 20, 2019

                                              Respectfully submitted,

                                              */s/ Greg K. Winslett*
                                              GREG K. WINSLETT
                                              State Bar No.  21781900
                                              RICHARD L. SMITH, JR.
                                              State Bar No. 18671200
                                              QUILLING, SELANDER, LOWNDS,
                                                  WINSLETT & MOSER, P.C.
                                              2001 Bryan Street, Suite 1800
                                              Dallas, Texas 75201
                                              (214) 871-2100 (Telephone)
                                              (214) 871-2111 (Telefax)
                                              gwinslett@qslwm.com
                                              rsmith@qslwm.com

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **RLI INSURANCE COMPANY**